IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jeff T. Dickens,                                    Case No. 3:06 CV 1655

                Plaintiff,                    MEMORANDUM OPINION
                                              AND ORDER

    -vs-
                                          JUDGE JACK ZOUHARY

Ohio Department of Public Safety -
Ohio State Highway Patrol, et al.,

                Defendants.

## BACKGROUND

Plaintiff Jeff Dickens filed this suit against the Ohio Department of Public Safety (ODPS), State Highway Patrol, and ODPS employee Reginald Lumpkins alleging "racial discrimination/bias" and seeking unspecified money damages.

This action arises from an incident which occurred on January 12, 2005 while Dickens was working as an Ohio State Trooper. At that time, Dickens was driving in a patrol vehicle with Tom Vaculik, a newly-hired state trooper, to provide on-the-job training. Dickens describes the weather that day as very foggy with snow and ice melting on the road. While the officers were driving on an interstate highway, they noticed a car traveling ahead of them without its headlights on. After some confusion regarding the protocol for stopping the car, Dickens decided that he would approach the car. When Dickens greeted the driver and requested his license and registration, the driver's hand was visibly shaking. As Dickens was returning to his patrol vehicle, the driver blurted, " We are coming

from visiting my sick sister" (Compl. at 4). This prompted Dickens to radio a K-9 handler to conduct a free air search of the vehicle. While waiting for the K-9 officer, Dickens checked the driver's license and registration and learned that the driver was Raymond Tillet from Illinois who had a record of assault, weapons, and drug trafficking charges.

As Dickens was completing his record review, Tillet exited his car and started walking toward the patrol vehicle. Dickens interpreted this action as an attempt to discern the number of officers and weapons in the patrol vehicle. Officer Vaculik directed Tillet to return to his car. Around the same time three other officers arrived from the K-9 Unit along with their dog Ringo.

Tillet and his passenger were instructed to remain in the vehicle with their hands visible and the windows rolled up. They complied and the officers began an open air search. When Ringo reached the driver's side of the car he began to scratch aggressively. This prompted Tillet to exit his car to view the scratch marks on his car door. He was advised to return to his car while the officers patted down the passenger before placing him in the rear seat of the patrol car.

While Trooper Vaculik was attempting to remove the passenger from the suspect vehicle, Dickens observed Tillet make an aggressive movement with what appeared to be "a shadow or silhouette of a handgun being pointed at [Vaculik]" (Compl. at 7). At the same time, Vaculik appeared to fall backwards. At this point, Dickens discharged his service weapon at Tillet, who was driving away from the scene. Tillet and his passenger were subsequently apprehended by Dickens and Vaculik.

Dickens was later investigated and terminated from his employment with the Ohio State Highway Patrol for "untruthfulness and excessive use of force" (Compl. at 9). Dickens then pursued a grievance through the union arbitration process and now alleges that the arbitrator, Reginald

2

Lumpkins, attempted to "make the investigation into a racial profiling case" (Compl. at 10). The arbitrator concluded that Dickens should not have fired his gun at Tillet, a fact Dickens contests based on his opinion that it "contradicts our use of force continuum" (Compl. at 10).

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the District Court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

## DISCRIMINATION BASED ON RACE

Other than identifying this claim as "racial discrimination/bias," Dickens does not set forth any basis upon which he is asserting this Court's jurisdiction. Construing the Complaint in a light most favorable to him, however, the Court notes that Title VII of the Civil Rights Act prohibits employment discrimination on the basis of race, color, religion, sex, or national origin. 42 U.S.C. §2000e. Based on the facts alleged in the Complaint, Dickens has failed to state a claim under these statutes.

---

[1] A claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking Section 1915(e) [formerly 28 U.S.C. §1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

Dickens alleges that an employee of the Ohio State Highway Patrol summarized a report for the union arbitrator wherein he expressed a belief that the Plaintiff's actions were motivated by racial bias. In his Complaint before this Court, however, Dickens does not allege that his race was the motivating factor which led Defendant to terminate his employment. By his own admission, Dickens states that "I am not questioning the discrimination based on the arbitrators [sic] findings but on the 'summary' authored by Reginald Lumpkins whom [sic] stated under oath and in the Toledo Blade of his racist discriminatory beliefs regarding me" (Compl. at 11).

Although Dickens does not disclose his race, the Sixth Circuit, in an unpublished opinion, held that an employer may discharge an employee who has been charged by another employee with racist or sexist conduct. *See Albert v. DeBartolo*, Nos. 91-3685, 91-3835, 91-3957 and 92-3702,1993 WL 272477, at *8 (6th Cir. July 20, 1993) (claim that plaintiff was wrongfully discharged because of false accusations of sexual harassment is not cognizable under Title VII). Here, Dickens was admittedly terminated for using excessive force and untruthfulness, which are non-discriminatory causes for termination. An employer cannot be held liable under Title VII for firing an employee based on a belief that the employee acted improperly, even if the belief was based on a faulty investigation. *See Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994) (the issue is "whether discriminatory animus motivated the employer, not whether the employer is wise, shrewd, prudent, or competent"); *see also Pollis v. The New School for Social Research*, 132 F.3d 115, 124 (2d Cir. 1997) (absent showing it was motivated by discriminatory intent, bad treatment does not establish a violation of Title VII). Thus, Dickens has failed to state a claim for relief from this Court.

**SUPPLEMENTAL STATE LAW CLAIMS**

Inasmuch as Plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over any state law claims in this case pursuant to 28 U.S.C. §1367(c)(1).[2] To the extent Dickens may have argued a state law defamation or wrongful discharge claim, the Court will dismiss it without prejudice pursuant to 28 U.S.C. §1367(c)(3).

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Docket No. 2) is granted, and this action is dismissed under Section 1915(e). The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 16, 2006

---

[2] Supplemental jurisdiction is governed by 28 U.S.C. §1367, which includes an explicit provision permitting the District Court to decline to exercise supplemental jurisdiction when that Court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. 1367(c)(3); *Gregory v. Hunt*, 24 F.3d 781, 790 (6th Cir. 1994)(where no federal claims remain, the District Court has discretion as to whether it should dismiss supplemental state law claims).

[3] 28 U.S.C. §1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.